IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

MICHAEL C. SANTANA, a minor,    )
etc.,                           )
                                )
                Plaintiff,      )
                                )
     v.                         )    No.  09 C 3612
                                )
CITY OF CHICAGO, et al.,        )
                                )
                Defendants.     )

                        MEMORANDUM ORDER

     On July 17, 2009 this Court denied orally--as both prematurely filed and as a mislabeled Fed. R. Civ. P. ("Rule") 56 motion--the motion by the City of Chicago ("City") to dismiss the Second Amended Complaint ("SAC") in this action under Rule 12(b)(6). At the same time counsel for codefendant Daniel Reschke ("Reschke") advised that he had filed a like motion, although no copy had been delivered to this Court as required by LR 5.2(f), and this Court's oral ruling denied that motion as well based on counsel's description.[1]

     Now Reschke's counsel have belatedly delivered a copy of their motion to dismiss SAC Count III, and the asserted facts set out there make it clear that the potential dismissal of the SAC's 42 U.S.C. §1983 ("Section 1983") contentions should be addressed

---

[1] In accordance with this Court's newly-adopted policy (though newly adopted as a matter of policy, the same prospect had long since been forecast on this Court's website), Reschke's attorneys are fined $100 for that violation--see this Court's website and the Appendix to this Court's July 21, 2009 opinion in Cooley v. Board of Education, No. 09 C 2109.

now rather than later.  This action had originally been filed in the Circuit Court of Cook County, and it was only when Section 1983 was purportedly injected into the case that City filed its Notice of Removal.  If Section 1983 is not really implicated here, the absence of any federal claim would call for a swift remand so that the parties can go about their business before the Circuit Court.

Accordingly a status hearing is set for 8:45 a.m. July 27, 2009.  At that time plaintiff's counsel should come prepared to explain the premise on which Reschke was assertedly acting "under color of state law" at the time of the incident that forms the gravamen of the SAC.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 22, 2009